PER CURIAM:
Claimant, Gary E. Earp, seeks an award of $494.23 from respondent, Division of Highways, for property damage sustained when his vehicle struck a rock from a rockslide which occurred on December 11, 1992, at approximately 9:00 p.m. on U.S. Route 250 near the town of *61 Fairmont, Marion County.
From the evidence adduced at the hearing on October 18,1993, it appears that the claimant was operating his vehicle, a 1986 Chrysler LeBaron, south on U.S. Route 250 on a dark, rainy night when he noticed a rock which had fallen from a nearby hillside lying in the road. He stated that he was unable to avoid hitting the rock and that upon collision, his vehicle was damaged in the amount of $494.23. He stated that there is one sign that reads “Falling Rock” in the area. He travels this road approximately twice a week and considers himself familiar with the road.
Dwayne Miller, county maintenance assistant supervisor for the respondent, testified that he is familiar with the area of the incident and that the respondent has difficulties with rockslides approximately three or four times a year in that particular area. He stated that on the night of the incident, his maintenance crews were already on the road removing rocks from another rockslide in the area. He stated that the respondent did not receive notice of the rockslide involving the claimant until after the incident, and then the crews immediately went to the area and cleaned up the trucks.
The claimant alleges that although the respondent had no notice of the rockslide involved in this claim prior to the incident, that it did have notice of many other prior rockslides in the are and has failed to take proper precautions to avoid accidents. The claimant suggests that the respondent install a net or snow fence in an attempt to catch the rocks before they gather in the roadway or to install lighting so that the traveling public can see the rocks in the road at night before accidents occur. Mr. Miller admitted that he has no knowledge of the respondent undertaking any studies to ascertain if it could do anything to curtail the rockslides or catch the rocks in the area.
This Court finds, after reviewing the evidence, that the claimant has proven negligence on the part of the respondent by a preponderance of the evidence. The respondent had actual notice of the dangerous condition of the rockslides and the fact that this is a curvy road in which the traveling public has no chance to view obstacles in the roadway until rounding a curve. The respondent should have undertaken an attempt to reduce the amount of rockslides in the area by cutting back the hillside or constructing a fence or net to catch the rocks. The respondent cannot be protected from a claim of negligence by simply erecting a “Falling Rocks” sign in areas that have that have repeated incidents resulting in damages and injuries. This Court has made awards in similar cases where the respondent had notice of problems of a particular hillside for many years and failed to take appropriate remedial measures to prevent rockslides. Katherine Jean Dunn vs. Division of Highways, CC-92-26 (1992). Accordingly, an award is hereby granted in the amount of $494.23.
Award of $494.23.